UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BHS (NEW YORK) CORPORATION,

                Plaintiff,

       v.

IBRAHIMA DIENE,

                Defendant.

------------------------------------------------------------X

:    08 Civ. 00179 (LAK)

:

:    **DECLARATION**

:

**AMOS ALTER,** declares:

1.    I am Of Counsel to Troutman Sanders LLP, attorneys for plaintiff.  I make this Declaration in support of an Order granting plaintiff permission to serve defendant by publication pursuant to Fed. R. Civ. P. Rule 4(e) and New York CPLR 316.  I am personally familiar with the relevant facts, as hereinafter appears.

2.    Plaintiff commenced this diversity action by filing a complaint on January 9, 2008.  The Clerk issued the summons the same day.  A copy of the summons and complaint is annexed hereto as Exhibit "A".

3.    Defendant is a former employee of plaintiff, and in the complaint, plaintiff alleges that defendant wrongfully converted $508,814 of plaintiff's funds, no part of which has been repaid, despite due demand.

4.    The last known address for defendant is 204 10th Street, Apt. 514, Jersey City, NJ 07302.  Our process server attempted service of the summons and complaint at that address, and learned that defendant no longer resided there.  The affidavit of attempted service is attached hereto as Exhibit "B".

5.    My Clerk went to the Post Office servicing that address, and was advised

that the Postal Service needs a Court Order to reveal the forwarding address, or even whether the defendant indeed left a forwarding address.

6.      Upon plaintiff's application, the Court granted an Order dated February 4, 2008, directing that the Postal Service advise plaintiff's counsel of any forwarding address left by the defendant regarding his former address at 204 10th Street, Apt. 514, Jersey City, NJ 07302.  A copy of the Order is attached hereto as Exhibit "C".

7.      On February 6, 2008, I sent a letter to the Postal Service, attaching the Court's Order and requesting that the Postal Service provide to plaintiff's counsel any known forwarding address left by defendant.  A copy of the letter is attached hereto as Exhibit "D".

8.      The messenger delivering the letter was advised that the defendant had in fact left no forwarding address since moving from 204 10th Street, Apt. 514, Jersey City, NJ 07302.  A copy of an e-mail from my Clerk dated February 6, 2008, relaying that information to me is attached hereto as Exhibit "E".

9.      With no known address for defendant, service can therefore only be effected by publication.

10.      Fed. R. Civ. P. 4(e)(1) provides that service may be effected "pursuant to the law of the state in which the district court is located….for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State…"

11.      New York CPLR 308(5) provides that, when service is "impracticable" by the usual methods of service, personal service upon a natural person shall be made "in such manner as the court, upon motion without notice, directs…"

12.    New York CPLR 316 provides for service by publication as a proper method of service when other methods of service are not available.

13.    Accordingly, this Order authorizing service upon defendant by publication is respectfully sought.

14.    No prior application for the same or similar relief has been made.

15.    I declare, under penalty of perjury, that the foregoing is true and correct.


Dated:  New York, New York
         March 11, 2008

_____
Amos Alter

Exhibit A

JUDGE KAPLAN

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____ **DISTRICT OF** __NEW YORK__

BHS (NEW YORK) CORPORATION

     Plaintiff,

     **V.**

IBRAHIMA DIENE

     Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**08 CV 00179**

**TO:** (Name and address of defendant)

Ibrahima Diene
204-514 10th Street
Jersey City, NJ  07302

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174

an answer to the complaint which is herewith served upon you, within _____twenty_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

(BY) DEPUTY CLERK

JAN 09 2008

DATE

JUDGE KAPLAN 08 CV 00179

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
BHS (NEW YORK) CORPORATION,

                Plaintiff,

      v.

IBRAHIMA DIENE,

                Defendant.

-----------------------------------------------------X



COMPLAINT

RECEIVED
JAN 09 2008
U.S.D.C. S.D.N.Y.

        Plaintiff, by its attorneys, Troutman Sanders LLP, for its complaint, alleges:

## Jurisdiction and Venue

        1.     Plaintiff is a New York corporation, with its principal place of business in New York.

        2.     Upon information and belief, defendant is a citizen of Senegal, residing in New Jersey.

        3.     The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

        4.     A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

        5.     Jurisdiction is afforded by 28 U.S.C. § 1332(a)(2).  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

## General Allegations

6.    Plaintiff is a wholly-owned subsidiary of Banque de l'Habitat du Senegal, a Senegalese bank.  Plaintiff is licensed and engaged in the business of money transmitting, primarily between the United States and Senegal.

7.    At all times here relevant, defendant was employed as the Manager of plaintiff's New York office, and was Vice-President and Secretary of plaintiff.

8.    During his tenure, and prior to December 31, 2005, defendant wrongfully converted $508,814 of plaintiff's funds to his own use, no part of which has been repaid, despite due demand.

### First Claim for Relief

9.    Defendant owes plaintiff $508,814, with interest from December 31, 2005, for conversion.

### Second Claim for Relief

10.    Defendant owes plaintiff $508,814, with interest from December 31, 2005, for breach of the fiduciary duty he owed to plaintiff.

### Third Claim for Relief

11.    Defendant owes plaintiff $508,814, with interest from December 31, 2005, for breach of his duty of good faith and loyalty as an employee.

2

**WHEREFORE,** plaintiff demands judgment against defendant, in the sum of $508,814, with interest from December 31, 2005, together with the costs and disbursements of this action.

TROUTMAN SANDERS LLP

By: _____

Amos Alter
Attorneys for Plaintiff
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
212-704-6000

3

**LEWIS A. KAPLAN**
**United States District Judge**
**United States Courthouse**
**500 Pearl Street**
**New York, NY 10007**

## COMMUNICATIONS

For questions concerning general calendar matters, call the Deputy Clerk, Mr. Andrew Mohan at (212) 805-0104.

*Counsel are not to communicate with Chambers by phone except in case of emergency.* Copies of correspondence between counsel *should not be sent to the Court.*

Except as otherwise provided herein, the Court's procedures are governed by the Local Rules of this Court and the Federal Rules of Civil Procedure. *Counsel should not call the Judge's law clerks with respect to procedural questions.*

## CONFERENCES

*The attorney who will serve as principal trial counsel must appear at all conferences with the Court.*

Unless the parties are otherwise notified, a pending motion to dismiss the entire action cancels any previously scheduled initial scheduling conference.

## MOTION RULES AT A GLANCE

| | |
|---|---|
| Pre-motion conference: | Discovery disputes only unless otherwise ordered in a specific case. |
| Motion returnable: | **Motions are to be filed without a return date.** |
| Courtesy Copies: | Two courtesy copies should be addressed to Judge Kaplan and delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed. |

**MOTION RULES AND PROCEDURES**

### Discovery Disputes

#### Non-ECF Cases

A conference must be requested before the filing of any motion relating to a discovery dispute. Counsel wishing to make such a motion should send a letter to the Court concisely describing the basis for the proposed motion and requesting a conference. The party opposing the relief sought may respond within two (2) business days by letter briefly describing why the relief sought should not be granted. Letters seeking such conferences and responses thereto shall not exceed three (3) pages.

#### ECF Cases

Discovery disputes in ECF cases shall be raised with the Court by motion filed electronically. The motion shall not exceed four (4) pages in length, including affidavits and declarations, but exclusive of exhibits. In addition, counsel filing such motions electronically shall send a letter to the Court stating that such a motion has been filed electronically. The party opposing the relief sought may respond within two (2) business days electronically, briefly describing why the relief sought should not be granted. No briefs or memoranda of law shall be filed unless requested by the Court.

Regardless of whether the case is an ECF case, counsel should be prepared to discuss with the Court the matters raised by such letters or motions, as the case may be, as the Court will seek to resolve discovery disputes quickly, often by telephone conference call.

Discovery disputes should be raised with the Court promptly once it is clear that the issues cannot be resolved by agreement.

### Return Dates and Special Filing Rules

All motions, unless brought on by an Order to Show Cause, should be made without a return date.

The original of all motion papers, opposition papers, and replies should be filed in the Clerk's office. Two (2) courtesy copies for the use of Chambers should be delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed

### Orders to Show Cause and TROs

All applications for orders to show cause and temporary restraining orders first shall be brought to the Orders and Appeals Clerk for approval and then to Chambers, provided that in ECF cases, counsel shall adhere to any instructions given by the Clerk's Office with respect to such applications. Applications for temporary restraining orders will be entertained only after notice to the adversary absent a persuasive showing that the giving of notice itself is likely to result in immediate and irreparable injury.

### Briefs and Motion Papers

Citations to New York and United States Supreme Court cases shall contain citations to the official reports and parallel cites to New York Supplement and Supreme Court Reporter, respectively. Citations to unreported cases not available on WESTLAW should be accompanied by a copy of the case cited.

Memoranda of law in support of or in opposition to motions may not exceed thirty-five (35) pages, double spaced, in length and, if in excess of ten (10) pages, should contain tables of contents and authorities. Reply memoranda may not exceed ten (10) pages, double spaced, in length. All exhibits should be tabbed and indexed. A copy of the complaint should accompany the moving papers. Requests to file memoranda exceeding the page limits set forth herein must be made *in writing* five (5) days prior to the due date except with respect to reply briefs, in which case the time is the day prior to the due date.

*Answering and reply papers*, if any, are to be served within the time specified in S.D.N.Y. Civ. R. 6.1. At the time reply papers are due, counsel shall advise the Court of any Monday morning within the next six (6) week period when they would be *unavailable* for oral argument.

### Oral Argument

After answering papers are received, the Court will notify counsel of the time and place for oral argument if the Court regards oral argument as likely to be helpful. The Court will have reviewed the papers prior to argument.

### Reports, Recommendations and Orders of Magistrate Judges

The page limits applicable to memoranda of law on motions apply also to objections to reports and recommendations, and appeals from orders of, Magistrate Judges.

### Adjournments/Extensions

All requests for extensions of time or adjournment of motions, pretrial conferences, and other matters must be made *in writing* with copies to all counsel and received in chambers not less than two business days before the scheduled time. Such requests must include the number and disposition of any prior requests for similar extensions and state whether opposing counsel

4

consents to the extension or adjournment. If the extension request is made with the consent of all parties, a stipulation should be submitted setting out the schedule to which counsel have agreed; a request for an extension without the consent of all counsel may be made by letter to the Court. Requests to adjourn the date for oral argument made less than one week prior to the scheduled date will be granted only under the most compelling circumstances.

*The Court will not advise the parties by telephone or mail of the disposition of requests for extensions and adjournments. Counsel are responsible for checking the docket sheet in the Clerk's office in person, by use of a service, or through use of the Court's electronic access PACER system.*

**ECF Cases**

In ECF cases, notice of opinions, orders and stipulations is given through the ECF system

**Notice of Rulings in Non-ECF Cases**

Judge Kaplan participates in the CourtWeb system with respect to cases that are not on the Electronic Case Filing system. Notice of most orders (other than scheduling orders), decisions and stipulations in non-ECF cases is posted on the World Wide Web and may be accessed through the Court's web site:

http://www.nysd.uscourts.gov

CourtWeb also permits attorneys to use an electronic watch list to notify them by electronic mail when orders are posted in cases. Counsel are directed to the court's web site for details as to how to sign up for this service.

Although most orders in non-ECF cases will be posted to the CourtWeb site, counsel are responsible for knowledge of *all* orders entered on the docket.

**PRETRIAL AND TRIAL RULES AND PROCEDURES**

**Discovery Schedule**

Notices inviting the parties to stipulate to a discovery schedule will be sent to plaintiff's counsel (or, in the case of removed actions, defendant's counsel) shortly after the filing of the action. If the parties can agree upon a schedule providing for prompt completion of pretrial proceedings, the Court ordinarily will incorporate the agreement in a Scheduling Order.

Counsel are responsible for being aware of the contents of the formal Scheduling Order and any amendments thereto irrespective of whether they are sent to counsel by the Clerk of the Court.

**Copies of Pleadings**

The parties are to provide a courtesy copy of the complaint, answer and any reply (but not discovery requests, discovery responses, stipulations, correspondence or other papers) to chambers promptly after service.

**Pretrial Order**

Counsel are to file a *joint* pretrial order, with two (2) courtesy copies for chambers delivered to the 8th floor mail room, on or before the date set by the Court. The pretrial order shall be prepared in accordance with the outline attached as Annex A. Failure to submit the pretrial order may result in dismissal or a default judgment, as appropriate. *The filing of a motion for summary judgment does not excuse or extend the time for filing the pretrial order unless the Court otherwise directs. Such applications are disfavored.*

**Ready for Trial**

Counsel must be prepared to proceed to trial on twenty four (24) hours telephone notice once the pretrial order has been filed. Any party with a scheduling problem should bring it to the Court's attention by letter at the time the pretrial order is filed.

**Bench Trials**

In bench trials, counsel shall prepare and exchange statements containing the direct testimony of each witness they intend to call. These witness statements, copies of which are to be addressed to chambers and delivered to the mail room with copies of all exhibits at least one week before trial, shall be used at trial in accordance with the following procedure.

**Form of Statement**

For each witness whose direct testimony will be presented in statement form, counsel shall prepare a statement setting forth in declaratory form all of the facts to which that witness will testify. The facts shall be stated in narrative, rather than question and answer, form. The statement shall contain all of the relevant facts to which the witness would testify including facts necessary to establish the foundation for the testimony. It need not be sworn or notarized.

**Use of Statements**

At the trial, each witness whose direct testimony previously has been submitted in statement form shall take the stand and under oath shall adopt the statement as true and correct. The party offering that witness then shall offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the court will then rule.

The witness then will be allowed to supplement his or her statement by any additional live direct testimony considered necessary by counsel.

6

Thereafter cross-examination and any redirect shall proceed in the ordinary course.

## Exceptions to Use of Statement

Statements will be required of the parties and other witnesses under their control. They are not to be used for adverse parties or for persons whose attendance must be compelled by subpoena.

## Exhibits

Documents to be offered as exhibits shall not be attached to witness statements but shall be pre-marked and exchanged along with other proposed exhibits in the usual fashion.

### Jury Selection

Juries ordinarily will be selected by the struck panel method.

## BANKRUPTCY APPEALS

Counsel shall provide chambers with two courtesy copies of their briefs, and counsel for appellant shall provide it with one courtesy copy of the record, immediately upon the filing of the originals with the Clerk of Court. The page limits applicable to memoranda of law on motions apply to briefs on bankruptcy appeals.

## CRIMINAL CASES

Upon the assignment of a criminal case to Judge Kaplan, the Assistant United States Attorney immediately shall provide a copy of the indictment to chambers and arrange with the Deputy Clerk for a prompt conference at which the defendant and defense counsel will be present in order to set a discovery and motion schedule and a trial date and, if necessary, to arraign the defendant and set bail.

Unless otherwise ordered, proposed *voir dire* questions, requests to charge, and *in limine* motions shall be served, filed and delivered to chambers no later than ten (10) days prior to the scheduled commencement of trial.

Revised 1/05

### Annex A -- Form of Pretrial Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[caption]                                    XX Civ. XXXX (LAK)

       The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I.  NATURE OF THE CASE

[Set forth a brief statement of the general nature of the action and the relief sought by each party.]

## II.  JURY/NON-JURY

[State whether a jury is claimed, whether there is any dispute as to whether the action should be tried to a jury, and the estimated length of the trial.]

## III.  STIPULATED FACTS

[Set forth any stipulated facts.]

## IV.  PARTIES' CONTENTIONS

       The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

A.    Plaintiff's Contentions

[Set forth a brief statement of the plaintiff's contentions as to all ultimate issues of fact and law.]

B.    Defendant's Contentions
[Set forth a brief statement of the defendant's contentions as to all ultimate issues of fact and law.]

8

## V.  ISSUES TO BE TRIED

[Set forth an agreed statement of the issues to be tried.]

## V.  PLAINTIFF'S EXHIBITS

## VI.  DEFENDANT'S EXHIBITS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

[Each side shall list all exhibits it intends to offer on its case in chief.  The list shall include a description of each exhibit.  All exhibits shall be premarked.

[In cases likely to involve substantial numbers of deposition exhibits, the parties are encouraged to agree at the outset of discovery to assign a unique exhibit number or letter to each exhibit marked at any deposition so that exhibit designations used in deposition transcripts may be used without change at trial.  Absent use of such a system, plaintiff's trial exhibits shall be identified by Arabic numerals and defendant's by letters (e.g., PX 1, DX 1, D-Jones A, D-Smith C).]

## VIII.  STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

[The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefor.]

## IX.  PLAINTIFF'S WITNESS LIST

## X.  DEFENDANT'S WITNESS LIST

The witnesses listed below may be called at trial.  No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer.  Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.]

9

## XI.  RELIEF SOUGHT

[The plaintiff shall set forth the precise relief sought, including each element of damages.  If the plaintiff seeks an injunction, the proposed form of injunction shall be set forth or attached.]

Dated:

_____
                                          U.S.D.J.

[Signatures of counsel]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                        :
                                        :    CONSENT TO PROCEED BEFORE
                        Plaintiff(s),   :    UNITED STATES MAGISTRATE JUDGE
                                        :
        - against -                     :    _____ Civ. _____ (    ) (    )
                                        :
                                        :
                        Defendant(s).   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

        1.  All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United
States Magistrate Judge conduct all further proceedings in this action, including any trial and entry
of final judgment.

        2.  Any appeal from a judgment entered in this case will lie to the Court of Appeals for the
Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3)
and Fed. R. Civ. P. 73(c).

_____          _____
Attorney(s) for Plaintiff(s)             Attorney(s) for Defendant(s)
Address                                  Address
Telephone                                Telephone


_____          _____
Attorney(s) for _____          Attorney(s) for _____
Address                                  Address
Telephone                                Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.


_____
                                   U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.


                             _____
                             For:  Clerk U.S.D.C. S.D.N.Y.

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CRITICAL INSTRUCTIONS TO ATTORNEYS:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## \*\*\*\*   Please Read Immediately \*\*\*\*

You must read and comply with all of the instructions on the attached sheet. Your case **CANNOT** be opened until you have correctly followed ALL of the required steps.

J. MICHAEL McMAHON
CLERK OF COURT

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV
June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at www.nysd.uscourts.gov Please follow the instructions below.

### ECF Judges:

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram ** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan ** | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

*   ECF Wave 1 Judge, assigning new cases filed on or after December 2, 2003 to the ECF system.
**  ECF Wave 2 Judge, assigning new cases filed on or after March 1, 2004 to the ECF system.
*** ECF Wave 3 Judge, assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)    Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)    *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

    (a) The assigned Judge's Individual Rules
    (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
    (c) USDC/SDNY Procedures for Electronic Case Filing
    (d) USDC/SDNY Guidelines for Electronic Case Filing.

(3)    <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

    (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

case_openings@nysd.uscourts.gov

    (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

wpclerk@nysd.uscourts.gov

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

(a) electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
(b) file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, <u>must be filed electronically</u> on the ECF system at **ecf.nysd.uscourts.gov**.  Electronic filing involves using your ECF password to docket the item directly into the ECF system.  <u>Electronic filing is not the same as email to the Clerk.</u>  Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed.  File the appeal in the traditional manner, on paper.  Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format.  Include any exhibits.  Each document must be in a separate pdf file no larger than 2.5 megabytes.  The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal").  Send the email (do not file on the ECF system) to:

(a) For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

**appeals@nysd.uscourts.gov**

(b) For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

**wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

(a) SDNY Procedures for Electronic Case Filing          (d) Local Rules of this Court, and
(b) SDNY Guidelines for Electronic Case Filing          (e) Federal Rules of Civil Procedure
(c) Individual Rules of the Assigned Judge

## ✔ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✔    Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and  more.

✔    Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee).  Your ECF password will be sent to you by email.  You must have an ECF password from SDNY District Court to file documents electronically.

✔    Sign up now for a SDNY PACER account if you don't already have one.  Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✔    Electronically file documents in ECF cases over the Internet at ecf.nysd.uscourts.gov

✔    Don't have a computer or scanner?  Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents.  Call the ECF Help Desk for more information.

✔    The ECF Help Desk is available to answer your ECF questions from 8:30 AM to 7:30 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at help_desk@nysd.uscourts.gov

## WWW.NYSD.USCOURTS.GOV

J. MICHAEL McMAHON
WWW.NYSD.USCOURTS.GOV

CLERK OF COURT

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007

December 1, 2003

# Guidelines for Electronic Case Filing

The following guidelines apply to all electronically filed cases and have been written by the Clerk of Court under the authority of this Court's Procedures for Electronic Case Filing.

**Q. What is the web address for the SDNY ECF system?**

The new ECF system will be on the Internet at **https://ecf.nysd.uscourts.gov**

**Q. Should I use Netscape Navigator or Internet Explorer to use ECF?**

Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

**Q. Is there a limit to the size of a document that can be filed on ECF?**

Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

**Q. Can I file documents that originate on paper and are then scanned to create a pdf file?**

Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

**Q. Who can file documents on ECF?**

Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at www.nysd.uscourts.gov

**Q. Can an attorney admitted Pro Hac Vice file documents electronically?**

Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at www.nysd.uscourts.gov

**Q. Will I need a password to use ECF?**

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at www.nysd.uscourts.gov To obtain a PACER password go to http://ecf.nysd.uscourts.gov If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

**Q. Can I view both civil and criminal dockets over the Internet?**

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

**Q. How can I sign up other attorneys in my firm to receive electronic notices in my case?**

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

**Q. Must the caption of the document indicate it has been electronically filed?**

Yes. (SDNY ECF Procedures, 8a).

**Q. How will I know if I have successfully filed a document electronically?**

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

**Q. What if I file the wrong document, or file in the wrong case?**

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

**Q. How do I sign an electronically filed document?**

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in order to capture the actual ink signature.

**Q. Will older cases be assigned to the ECF system?**

No. Only those cases filed after the ECF system goes live are subject to electronic filing. Cases filed before the ECF system goes live will not be converted to ECF cases. You will be able to view the docket sheets in older cases on-line, but not the documents.

**Q. Which cases will be ECF cases?**

Civil and criminal cases filed after December 1, 2003, will be subject to electronic filing. Social Security cases, Habeas Corpus cases and Pro Se cases will not be assigned to the ECF system.

**Q. Which Judges will entertain ECF cases?**

Eventually all the courts Judges and Magistrate-Judges will be able to entertain ECF cases. Groups of judges will be added to the ECF system over a 12 month period. The first group will include Judges Batts, Brieant, Conner, Kaplan, Koeltl, McMahon, Mukasey, Preska, Robinson, Stein, Sweet, and all the Court's Magistrate Judges. Parties are directed to refer to each judge's individual rules (available on the court's website) to learn whether a particular case will be assigned to the ECF system.

**Q. How do I view a document in an ECF case?**

Use an approved Internet web browser (see above) and go to **https://ecf.nysd.uscourts.gov** Click on Query, enter the case number, find the document, and click on the blue hyperlink next to that entry. An electronic copy of the complete document will then appear on your computer screen. If there is no blue hyperlink, then there is no electronic version of that document.

**Q. Does filing electronically affect the filing deadline?**

No. Filing electronically does not change your obligation to comply with the Federal Rules and any applicable Local Rules. Filing must be <u>completed</u> before midnight local time in order to be considered timely filed that day (ECF Procedures 3c)(See also Judges Individual Rules).

**Q. How do I open an ECF case?**

To open a civil action, you must file the complaint on paper at the courthouse, pay any applicable fee, and serve the documents in the traditional manner, on paper. (See SDNY ECF Procedures 1d). Then you must <u>email</u> (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

For cases assigned to a Manhattan Judge: case_openings@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

Failure to email the pdf copy of the complaint to the Clerk within 24 hours may result in a delay in adding the case to the Court's electronic docket.

**Q. Must I serve a copy of the assigned Judge's Individual Rules with the complaint?**

Yes.  Copies of Judges' Individual Rules are available at the Clerk's Office and also on the Court's public website at www.nysd.uscourts.gov

**Q. Must I file a paper Summons and Affidavit of Service for the Complaint?**

Yes.  For ECF cases, the Affidavit of Service with the original summons attached must be filed with the court in the traditional manner, on paper (ECF Procedures, 1d).

**Q. Must I file a paper Affidavit of Service for other documents in the case?**

No.  For all other underlined electronically filed documents after the complaint, the Clerk will automatically transmit by email a Notice of Electronic Filing to each attorney of record that has registered to be an ECF Filing user.  Transmission of that Notice of Electronic filing shall constitute service (ECF Procedures, 9).

**Q. How do I serve my adversary who has not registered to be an ECF Filing User?**

Upon completion of filing electronically, the filer will receive a receipt which should be printed and saved.  The receipt will include a list of who will be served electronically and who will not. The ECF system does not relieve filers from their obligations under the Federal Rules of Civil and Criminal Procedure to serve paper copies on any party that will not receive electronic notice.

**Q. When filing a motion, should the supporting affidavit be attached or filed separately?**

Electronically filed motions should be filed in the traditional manner.  Supporting affidavits and exhibits that would normally be filed attached to the motion should also be filed attached to an electronic motion.  Other affidavits and memoranda of law that would normally be filed separately from the motion should be filed separately from an electronic motion.  Exhibits attached to a motion must comply with the Court's Procedures for Electronic Case Filing, section 5.  Excerpted material must be clearly marked as such.

**Q. How should I submit exhibits not attached to a motion?**

The Court's Procedures for Electronic Case Filing, section 5, requires that attachments and exhibits must be submitted in electronic form, unless the Court permits paper filing.  Only relevant excerpts of exhibits, labeled as such,  should be submitted.  Remember, there are limits to the size of a computer file that may be submitted (see page 1).  A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.

### Q. How do I file a proposed order, judgment or stipulation?

Proposed orders, judgments and stipulations should not be submitted through the ECF system. Instead they should be sent by email to the Clerk. Proposed orders should be submitted in word processing format (WordPerfect or Word) rather than as a pdf document. Stipulations should be submitted in pdf format. Stipulations must contain all required signatures (the last person to sign can email it to the clerk). Email the proposed order, judgment or stipulation to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

### Q. How do I file an Order to Show Cause?

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.

Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

### Q. How do I file a default judgment?

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

### Q. How do I submit a letter?

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

### Q. Will sealed documents be filed electronically?

No. Sealed documents will filed in the traditional manner, in paper form.

**Q. How do I file a Notice of Appeal?**

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

      For cases assigned to a Manhattan Judge: appeals@nysd.uscourts.gov

      For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.

**Q. Which is the "original" document, the paper or the ECF version?**

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

**Q. Must I keep paper originals of documents I electronically file?**

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

**Q. Should I continue to submit courtesy copies?**

Yes, continue your current practice. If you would submit a courtesy copy of the document in a non-ECF case, you should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules).

**Q. When an attorney leaves a firm, how do we change the attorney's ECF Registration information?**

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

**Q. Will there be an ECF Help Desk?**

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:30 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to help_desk@nysd.uscourts.gov

**Q. How can I stay up to date with future ECF news and developments?**

By registering to be a Point of Contact (POC) at www.nysd.uscourts.gov, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC

**Q. How can I learn how to use ECF?**

On the Court's website you will find "ECF 101", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users.  Go to **www.nysd.uscourts.gov**

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

(a) The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours, in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

(b) Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

(c) Electronic filing procedures shall not apply to Social Security Cases.

(d) The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

(a) Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

(b) If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(c) Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

(d) In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

(e) An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3. Consequences of Electronic Filing

(a) Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

(b) When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

(c) Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

(d) Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

(a) All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

(b) A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

## 8. Signatures

(a)  The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b)  No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c)  A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d)  Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

## 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case.  It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

## 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). It remains the duty of the attorney for a party to review regularly the docket sheet of the case. The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

## 11. Technical Failures

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.

## 12. Public Access

A person may review at the Clerk's office filings that have not been sealed by the Court. A person also may access the Electronic Filing System at the Court's Internet site www.nysd.uscourts.gov by obtaining a PACER log-in and password. A person who has PACER access may retrieve docket sheets in civil and criminal cases and documents in a civil case, but only counsel for the government and for a defendant may retrieve documents in a criminal case. Only a Filing User under Procedure 2 herein may file documents.

July 15, 1998

# INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE HENRY PITMAN

Unless otherwise ordered by Magistrate Judge Pitman, matters before Magistrate Judge Pitman shall be conducted in accordance with the following practices.

These practices are applicable to matters before Magistrate Judge Pitman if the matter is within the scope of the District Judge's Order of Reference or if the case is before Magistrate Judge Pitman pursuant to the parties' consent under 28 U.S.C. § 636(c). Otherwise, the practices of the District Judge to whom the case is assigned apply.

## 1. Communications With Chambers

**A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court.

**B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at 212-805-6105.

**C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than **10** pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is 212-805-6111.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Mr. Daniel Ortiz at 212-805-6112 between 9:00 A.M. and 5:00 P.M.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

## 2. Motions

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required.

**B. Courtesy Copies.** Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

**C. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**D. Filing of Motion Papers.** No motion papers shall be filed until the motion has been fully briefed. Each party shall file its motion papers on the date the last reply memorandum is due. The moving party is further obligated to furnish to chambers a full set of courtesy copies of the motion papers.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

## 3. Pretrial Procedures

**A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

i. The full caption of the action.

ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.]

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

i. In jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

ii. In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iii. In all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

iv. In any case where such party believes it would be useful, a pretrial memorandum.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
                                             :
                                             :        CONSENT TO PROCEED BEFORE
                          Plaintiff(s),      :        UNITED STATES MAGISTRATE JUDGE
                                             :
      - against -                            :    _____ Civ. _____ (    ) (        )
                                             :
                          Defendant(s).      :
---------------------------------------------x

IT IS HEREBY STIPULATED by the undersigned:

   1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United
States Magistrate Judge conduct all further proceedings in this action, including any trial and entry
of final judgment.

   2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the
Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3)
and Fed. R. Civ. P. 73(c).

| | |
|---|---|
| Attorney(s) for Plaintiff(s) | Attorney(s) for Defendant(s) |
| Address | Address |
| Telephone | Telephone |
| Attorney(s) for _____ | Attorney(s) for _____ |
| Address | Address |
| Telephone | Telephone |

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.


_____
                      U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.


_____
For:  Clerk U.S.D.C. S.D.N.Y.

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

IH-30

Exhibit B



**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BHS (NEW YORK) CORPORATION,
        Plaintiff(s),

   -against-

IBRAHIMA DIENE,
        Defendant(s).
-------------------------------------------------------X

STATE OF NEW YORK  )
              S.S.:
COUNTY OF NEW YORK)

JUDGE KAPLAN
Index No. 08 CV 00179

AFFIDAVIT OF
ATTEMPTED SERVICE

      TIMOTHY M. BOTTI, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS, Inc., and is not a party to this action.

      That on the 15th day of January 2008, at approximately 6:55 p.m., deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL CASE AND COMPLAINT** upon Ibrahima Diene at 204 10th Street, Apt. 514, Jersey City, NJ 07302. Deponent spoke to tenant in apartment #514 who said, no one by this name lives at this address; "I moved in to this apartment in July 2007."

_____
TIMOTHY M. BOTTI #843358

Sworn to before me this
30th day of January, 2008

_____
NOTARY PUBLIC

HOWARD DANIEL GOLDMAN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01GO5062405
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES JULY 1, 2010

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

Exhibit C

*Kaplan, J.*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BHS (NEW YORK) CORPORATION,                    :        08 Civ. 00179 (LAK)

                           Plaintiff,          :

            v.                                 :

IBRAHIMA DIENE,                                :        **ORDER**

                           Defendant.          :
-----------------------------------------------------------X

     Upon the accompanying declaration with exhibits of Amos Alter, dated January 30, 2008; it appearing that plaintiff has been unable to serve defendant with the summons and complaint because he has moved from his last known address; and it further appearing that the Postal Service requires an Order of this Court to advise plaintiff of any forwarding address left by the defendant; it is

     ORDERED, that consistent with the law and rules governing the conduct of the United States Postal Service, the Postal Service shall advise plaintiff's counsel of any forwarding address left by Ibrahima Diene regarding his former residence at 204 10th Street, Apt. 514, Jersey City, NJ 07302.

Dated:  New York, New York
          Feb 4 , 2008

                                       _____
                                       Hon. Lewis A. Kaplan, U.S.D.J.

# Exhibit D

# TROUTMAN SANDERS LLP

### ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174
www.troutmansanders.com
TELEPHONE: 212-704-6000
FACSIMILE: 212-704-6288

Amos Alter
amos.alter@troutmansanders.com

Direct Dial:  212-704-6247
Direct Fax:   212-704-5914

February 5, 2008

By Hand

United States Postal Service
United States Post Office
Jersey City, NJ 07302

RE:    BHS (New York) Corp. v. Diene

Dear Sirs/Mesdames:

My Clerk had previously made inquiry of you as to the forwarding address an individual, formerly resident in your postal zone, had left when he moved. We represent the plaintiff in the reference action, who is attempting to serve a summons and complaint upon that individual.

My Clerk was advised that you needed an Order from the Court to release that information. We have now obtained such an Order, and herewith deliver to you a certified copy of such Order.

Kindly give the requested information to the messenger who delivers this letter and the Order to you.

Thank you for your cooperation.

Very truly yours,

Amos Alter

Encl.

ATLANTA · HONG KONG · LONDON · NEW YORK · NEWARK · NORFOLK · RALEIGH
RICHMOND · SHANGHAI · TYSONS CORNER · VIRGINIA BEACH · WASHINGTON, D.C.

NEWYORK01 1269014v1 037492-000002

Exhibit E

**Alter, Amos**

| | |
|---|---|
| **From:** | Nicholes, Frances Marie |
| **Sent:** | Wednesday, February 06, 2008 1:00 PM |
| **To:** | Alter, Amos |
| **Subject:** | BHS Corp v. Diene |

Amos,

My messenger spoke to Tara Brooks, Clerk, of the Jersey City, New Jersey Post Office at 12:50 p.m. on 2/6/2008. The clerk informed the waiting messenger that Ibrahima Diene had not filed any change of address form with the post office.

Let me know if there is anything else I can do.

Fran


*Fran Nicholes*
*Administrative Assistant*
*Troutman Sanders LLP*
*Newark, New Jersey 07102*
*Phone: 973-645-0772*
*Fax:    973-645-1190*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BHS (NEW YORK) CORPORATION,

                  Plaintiff,

       v.

IBRAHIMA DIENE,

                 Defendant.
------------------------------------------------------------X

      :     08 Civ. 00179 (LAK)

      :

      :

      :     **ORDER**

      :

      Upon the accompanying declaration with exhibits of Amos Alter, dated March

__, 2008; it appearing that plaintiff has been unable to serve defendant with the

summons and complaint because he has moved from his last known address and his

current address is unknown; and it further appearing that defendant cannot with due

diligence be served by another prescribed method; it is

      **ORDERED,** that:

      1.    The summons in this action may be served upon defendant by

publication pursuant to Fed. R. Civ. P. Rule 4(e) and New York CPLR 316, as set forth

below.

      2.    The summons, together with a notice to defendant, containing a

brief statement of the nature of the action, and the relief sought, shall be published in

two newspapers, at least one in the English language, namely

_____ , published in New York, New York, and

_____ , published in New York, New York, both most likely to give

notice to defendant, once in each of four successive weeks.

   3.  The first publication shall be made within thirty days after this

Order is granted.


Dated:  New York, New York
      , 2008


              _____

              Hon. Lewis A. Kaplan, U.S.D.J.